UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA

    Plaintiff,

vs.

REAL PROPERTY KNOWN AS
6556 SKYLINE DRIVE,
DELRAY BEACH, FLORIDA 33446

    Defendant.
_____/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States files this Verified Complaint for Forfeiture *In Rem* and alleges that:

1. This is a civil action for forfeiture *in rem* against the above piece of real estate, known as 6556 Skyline Drive, Delray Beach, Florida 33446 (hereinafter "the defendant property") including their appurtenances and improvements thereon, located in the Southern District of Florida in Palm Beach County.

2. This Court has subject matter jurisdiction over this action pursuant to Title 28, U.S.C. §§ 1345 and 1355(a) and (b), and Title 18, U.S.C. § 981(a)(1)(A) and (C).

3. This Court has venue within this judicial district pursuant to Title 28, United States Code, Section 1355(b)(1). The defendant named property shall be restrained or seized pursuant to an order issued by this Court served by agents working for Immigration and Customs Enforcement, Homeland Security Investigations. The real property thereby will be within the jurisdiction of this Court during the pendency of this action.

4. The defendant property has not been seized but is located within this district and within the jurisdiction of the Court. The United States does not request authority from the Court to seize the real property defendant at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

(a) Post notice of this action and a copy of the Complaint on, the defendant real property;

(b) Serve notice of this action on the defendant real property owners, and any other person or entity who may claim an interest in the defendant, along with a copy of this Complaint;

(c) File a *lis pendens* in county records of the defendant real property's status as a defendant in this *in rem* action; and

(d) Publish notice of action as required by statute and applicable rules.

The United States will also appraise the defendant real property.

5. The defendant property is forfeitable pursuant to Title 18, U.S.C. § 981(a)(1)(A) because it represents property involved in transactions or attempted transactions in violation of Sections 1956(a)(1)(B)(i), 1956(a)(2)(B)(i), 1956(h) and 1957 of Title 18, United States Code, or are traceable to property involved in such transactions. Also the defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because the relevant asset is real property, which constitutes or is derived from proceeds traceable to a violation of offenses constituting "specified unlawful activity" as defined in section 1956(c)(7)(A), or a conspiracy to commit such offenses, to wit, an offense which is indictable under 18 U.S.C. § 1344, namely, Bank Fraud.

6. The defendant property, which is either the proceeds of, property involved in, or property traceable to the proceeds of violations of U.S. law, as set forth herein, is more particularly described as follows:

> 15-46-42, ANTIQUERS AERODROME UNREC Lot 25 BLK 1. as recorded in Official Records Book 24173 at Page 1627, as amended of the Public Records of Palm Beach County, Florida, together with an undivided interest in the common elements appurtenant thereto and all amendments thereto as set forth in said Declaration.

7. The defendant property is owned by Apolinar Gutierrez and Alejandro Alvarez Abreu a.k.a. Ricardo Amador Ballester.

## BANK FRAUD SCHEMES IN GENERAL

8. On or about March 14, 2003, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant Ricardo Amador Ballester Garcia a.k.a Alejandro Alvarez Abreu (herein after referred to as Ballester) did knowingly, and with the intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, including Ocean Bank and America's Wholesale Lender, which scheme and artifice employed a material falsehood, and did knowingly, with the intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of one or more said financial institutions by means of false and fraudulent pretenses, representations, and promises, relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2).

9. Ricardo Amador Ballester, an individual who resided in Miami-Dade County, Florida.

10. Ballester applied and received a driver's license from the State of Florida, Department of Highway Safety and Motor Vehicles under the name Ricardo Amador Ballester. The driver's license listed the Country of Birth as Cuba and reflected a date of birth 08/14/1964. Ballester also applied and received a driver's license from the State of Florida under the name Alejandro Alvarez Abreu, date of birth 8/14/60 and bearing driver's license number A160-001-60-294-0.

11. Ballester, an individual also known as Alejandro Alvarez Abreu applied and received a Passport from Spain in the name of Alejandro Alvarez Abreu, passport #AA137030, dated 6/10/03 and with an expiration date of 6/10/2013.

12. Ocean Bank was a financial institution with offices located throughout the United States, including the State of Florida, whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC".)

13. America's Wholesale Lender was a division of Countrywide Home Loans Inc, a financial institution with offices throughout the United States, including the State of Florida, whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC".)

14. Truesdale, LLC was a Florida Corporation with its principal place of business listed as 28 Ixora Way, Boynton Beach, Florida 33435. A Florida Department of State, Division of Corporations query listed Elena I. Garcia Arechavala as the Manager and Registered Agent.

15. The term "closing" refers to the legal event at which the transfers of an interest in real estate from seller to buyer formally took place, as well as the point at which funds were transferred between the various parties, such as from the lending institution to the buyer or to the seller on the buyer's behalf, which transfer was often accomplished by temporarily passing the funds through an

intermediary referred as to a "closing agent" or "title company."

16. The term "mortgage" is used in the real estate industry to refer to a loan to finance the purchase of real estate property, usually with specified payment period and interest rates, in which the borrower/mortgagor gave the lender/mortgagee a lien on the property as collateral for the loan.

17. The term "lenders" refers collectively to the mortgage lenders set forth in the preceding paragraphs, each of which extended mortgage loans and disbursed mortgage loan proceeds to fund the financing of residential properties in the State of Florida.

18. A HUD-1 Settlement Statement is a standard form required to be executed for the closing of all real estate transactions. The HUD-1 Statement itemized all aspects of the closing for the lender, including payments made by the borrower, money due to the seller, and any fees paid to third parties in connection with the closing.

## PURPOSE OF THE SCHEME AND ARTIFICE

19. It was the purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by, among other things: (a) using straw buyers and unqualified buyers to purchase and finance a residential property in Palm Beach County, Florida; (b) submitting false and fraudulent mortgage loan applications, closing documents and other related loan documents to financial and lending institutions, thereby inducing the financial and lending institutions to make mortgage loans to straw buyers and unqualified buyers for the purchase of residential property; (c) causing the financial and lending institution to loan more money than they otherwise would have loaned by preparing, and submitting to them, false and fraudulent HUD-1 Statements which did not accurately reflect the money disbursed to the buyers and sellers; and (d) diverting fraud proceeds for their personal use and benefit, and to further the fraud scheme.

## SCHEME TO DEFRAUD INVOLVING BALLESTER

20. On March 14, 2003, Ballester purchased a single family residence located at 6556 Skyline Drive, Delray Beach, Florida, from a third party. The property is located in a private community known as Antiquers Aerodrome that maintains a private airstrip for its members. Ballester purchased the property using his alias Alejandro Alvarez Abreu for $550,000.00 in an all cash transaction. On March 25, 2003, a Warranty Deed for this transaction was filed with the Clerk of Court for Palm Beach County.

21. In October 2003, Ballester obtained a $412,500.00 loan against this property from Ocean Bank. In his loan application and supporting documentation, Ballester falsely represented that his name was Alejandro Alvarez Abreu. As proof of his identity, Ballester provided a Spanish passport and driver license in the name of Alejandro Alvarez Abreu with a date of birth of August 14, 1960. Ballester did not disclose his true identity to Ocean Bank during the application process.

22. In April 2006, Ballester paid off his loan with Ocean Bank when he refinanced his mortgage on 6556 Skyline Drive with a new mortgage loan in the amount of $602,000.00 from America's Wholesale Lender. Ballester again misrepresented his identity to the lender by claiming on his loan application and supporting documentation that he was Alejandro Alvarez Abreu and that he was born on August 14, 1960.

23. In February 2010, Ballester engaged in a short sale transaction of the property located at 6556 Skyline Drive. In this transaction, Ballester sold 6556 Skyline Drive to Apolinar Gutierrez for $380,000.00. According to a copy of a Spanish passport in the settlement agent's file for this transaction, Apolinar Gutierrez Soler is a 75 year old male who obtained his passport in Spain's consulate office in Cuba. Checks of various databases reflect that Apolinar Gutierrez does not own

any other property in the US. A query of international travel records reveal that Apolinar Gutierrez traveled to the US on July 7, 2011, and departed on August 4, 2011. There are no other identifiable travel records for Apolinar Gutierrez.

24. A review of various records relating to this transaction reveals that the short sale was not an arm's length transaction and that Apolinar Gutierrez was acting as a straw buyer or surrogate on behalf of Ballester. For example, in November 2010, a mortgage was filed in Palm Beach County reflecting that Apolinar Gutierrez borrowed $323,000.00 from Truesdale LLC, to purchase the property located at 6556 Skyline Drive. The mortgage itself was dated January 29, 2010, the same day the Warranty Deed for the short sale transaction is dated.

25. A review of the records of the Florida Department of State, Division of Corporations indicated that on November 4, 2009, TRUESDALE LLC was incorporated as a Florida Corporation, listing Elena I. Garcia Arechavala as the Manager and registered agent. Garcia Arechavala is Ballester's mother and the principal place of business for TRUESDALE LLC is a property purchased by Ballester in the name of Alejandro Alvarez Abreu in July 2003.

26. A review of the records of the Florida Department of State, Division of Corporations indicated that on September 23, 2011, TRUESDALE LLC was dissolved by the state of Florida.

27. Bank records for the settlement agent's bank account further reflect that Apolinar Gutierrez did not provide any of the money used for the purchase of 6556 Skyline Drive. The funds provided to the settlement agent for the purchase of the property came from Ballester and members of his immediate family, or close associates.

28.     The funds included a check in the amount of $173,000.00 from Elena Isabel Garcia Arechavala from an account at HSBC Bank, a check for $150,000.00 from an account at Wachovia Bank in the name of Zenda Lisset Ballester, an official bank check issued by Wachovia Bank in the amount of $30,000.00 with the remitter listed as "Ricardo Amador Ballester" and a handwritten notation "Apolina Gutierrez buy Antique", and a check in the amount of $10,000.00 from an account at Bank of America in the name of Dimitry Alvarez, an associate of Ballester.

29.     A financial analysis revealed that the $150,000.00 check from an account at Wachovia Bank in the name of Zenda Lisset Ballester represents proceeds from the sale of a vacant parcel of land located in Southwest Miami-Dade County, Florida. The land is located in the Lindberg's Landing community. The land was purchased by Alejandro Alvarez in January 2003 and subsequently sold to Cavanaugh Lake, LLC on October 15, 2009. On October 16, 2009, a $200,000.00 cashier's check remitted by James A. Cavanaugh payable to Zenda L. Ballester was deposited into the account at Wachovia Bank in the name of Zenda Lisset Ballester. This amount ultimately funded the $150,000.00 check issued to the closing agent's trust account for Apolinar Gutierrez purchase of 6556 Skyline Drive. On October 15, 2009, Cavanaugh Lake LLC also obtained a $150,000.00 mortgage loan from Zenda L. Ballester.

30.     Following the short sale to Apolina Gutierrez, Ballester appears to have continued to exert control over the 6556 Skyline Drive property.

31.     On October 20, 2010, State and Local Law Enforcement Officials executed a state issued search warrant at the residence located at 6556 Skyline Drive. As a result of the search warrant execution, approximately 36 marijuana plants were discovered with an approximate street value of $749,000.00.

## VIOLATIONS OF UNITED STATES LAW

32. From on or about March 2003 to November 2010, Ballester recruited and caused to be recruited a straw buyer, to act as a qualifying mortgage applicant in order to fraudulently purchase and finance the property located at 6556 Skyline Drive.

33. Ballester and his co-conspirators prepared, and caused to be prepared, false and fraudulent mortgage loan applications and other related documents. The loan applications and related documents, which were submitted to lenders, contained numerous false statements and representations relating to straw buyer, and unqualified buyer income, deposits, other loan applications, intent to make the property a primary residence, and other information necessary for lenders to assess the straw buyer's and unqualified buyer's qualifications to borrow money. The false and fraudulent documents were used to induce the lenders to fund mortgage loans to purchase and finance the property located at 6556 Skyline Drive in violation of Title 18, U.S.C. § 1344, Title 18, U.S.C. § 1956, and Title 18, U.S.C. § 981.

34. As part of the closing procedure, Ballester prepared, and caused to be prepared, and submitted to lenders false and fraudulent HUD-1 Statements which falsely stated, among other things, that the straw buyer and unqualified buyer supplied their own cash to close.

35. Having received the false and fraudulent loan applications and related documents submitted by Ballester and co-conspirators, the lenders approved the fraudulent loan requests submitted by the co-conspirators and sent the loan proceeds to the title company for distribution at the closing of the real estate transactions.

## REQUESTS FOR RELIEF

36. The conduct and transactions described in paragraphs 21 to 30 constitute violations of Title 18, U.S.C. § 1344, which makes it an offense to knowingly execute, or attempt to execute, a scheme or artifice- (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

37. The conduct and transactions described in paragraphs 21 to 30 constitute violations of Title 18, U.S.C. § 1956(a)(1)(B)(i), which makes it an offense to conduct or attempt to conduct a financial transaction with the proceeds of specified unlawful activity, to wit a violation of Title 18, U.S.C. § 1344, knowing that the property involved in the transactions constitute the proceeds of some form of unlawful activity, and knowing that the transactions were intended to conceal and disguise the source, ownership, nature, location and control of the proceeds of the specified unlawful activity.

38. The conduct and transactions described in paragraphs 21 to 30 constitute violations of Title 18, U.S.C. § 1957, which makes it an offense to knowingly engage or to attempt to engage in a monetary transaction, by, through or to a financial institution affecting interstate commerce, where the transaction involves criminally derived property having a value greater than $10,000.00, and where the property is in fact the proceeds of specified unlawful activity, to wit: Bank Fraud.

39. The conduct and transactions described in paragraphs 21 to 30, are predicate acts for a violation of Title 18, U.S.C. § 1956(h), which makes it an offense to conspire to commit any offense described in Sections 1956 and 1957.

**WHEREFORE**, by reason of these premises plaintiff, United States of America prays:

1. That process of warrant issue for the arrest of the defendant property:

2. That due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

3. That judgment be entered declaring the defendants to be the proceeds of U.S. offenses or property involved in or traceable to the proceeds of such offenses, and be condemned and forfeited to the United States of America for disposition in accordance with law;

4. That this Court grants the United States of America such other relief the Court may deem just and proper, together with the costs and disbursements of this action; and

5. That any and all persons having any claim to the defendants be directed to file and serve their verified claims and answers as required by Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims, or suffer default thereof, and further requests that the Court declare the defendant property condemned and forfeit to the United States of America, and that Plaintiff have such other and further relief as may be just and proper.

Respectfully submitted,

WILFREDO FERRER
UNITED STATES ATTORNEY

BY: _____
RICHARD O.I. BROWN
ASSISTANT U.S. ATTORNEY
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Admin. Bar No. A5500257
Tel: (954) 660-5779
Fax: (954) 356-7610
Email: richard.brown@usdoj.gov
Attorney for Plaintiff United States

## VERIFICATION

I, Diane Jimenez, a Special Agent with United States Immigration and Customs Enforcement, Homeland Security Investigations, hereby declare, under the penalty of perjury as provided for by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture In Rem is based on personal knowledge and information gained through interviews of witnesses and reports and information furnished to me by other law enforcement officers, and that facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this _2_ day of February 2015.

Diane Jimenez
SPECIAL AGENT
IMMIGRATION AND CUSTOMS ENFORCEMENT
HOMELAND SECURITY INVESTIGATIONS