UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.  9:15-CV-80123-ROSENBERG/BRANNON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REAL PROPERTY KNOWN AS 6556
SKYLINE DRIVE, DELRAY BEACH,
FL 33446,

    Defendant.
_____/

## ORDER DENYING MOTION TO SUBSTITUTE PARTY AND DENYING MOTION TO VACATE JUDGMENT

This matter is before the Court on Non-Party Claimant's (the "Estate of Garcia") Motion to Substitute Party-Claimant [DE 43] and Non-Party Claimant's Motion to Vacate Court Order [DE 45].  Both motions have been briefed.  The Court has reviewed the documents in the case file and is fully advised in the premises.  For the reasons set forth below, both motions are denied.

This case presents an almost identical set of facts as the facts in *United States v. Real Property Known as 4401 Collins Ave.*, No. 15-cv-20407 (S.D. Fla. Nov. 3, 2015).  In *Collins Avenue*, Judge Moore was presented with the same legal issues, essentially the same facts, and the same motions that are before this Court.  Upon review of Judge Moore's decision in *Collins Avenue*, the Court finds Judge Moore's reasoning to be persuasive and correct.  The Court therefore adopts the reasoning of Judge Moore and incorporates his rulings into this Order.  More specifically, the Court finds as follows:

With respect to the Motion to Substitute Party-Claimant, counsel for the Estate of Garcia argues that Ms. Garcia's death on June 1, 2015 did not extinguish her claims in this case, and that her claims passed by operation of law to her estate.  The Government contends that the Estate's

reliance on Federal Rule of Civil Procedure 25(a)(1) is a legal impossibility.  The Court agrees.  Rule 25(a)(1) governs the substitution of parties following the death of a party to the suit.  At the time of her death, Ms. Garcia was no longer a party to the suit.  Therefore, Rule 25(a)(1) is inapplicable.  *See Garcia v. Diamond Marine Ltd.,* No. 13-23166-CIV, 2013 WL 6086916, at *2 (S.D. Fla. Nov. 19, 2013).  Moreover, a substituted party is only entitled to what the record owner of the property would be if still alive.  *United States v. 16 Parcels of Real Prop*., 320 F. Supp. 2d 1307, 1311 (S.D. Fla. 2003).  Since Ms. Garcia would not have a claim in the instant case, neither would her estate.  Accordingly, upon consideration of the Motion to Substitute Party-Claimant [DE 43], the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the Motion to Substitute is **DENIED**.

With respect to the Motion to Vacate Order, counsel for the Estate of Garcia argues that Ms. Garcia's failure to respond to the Government's discovery requests, which served as the basis for the Court's previous Order, was the result of excusable neglect.  Specifically, the Estate argues that Ms. Garcia attempted to communicate responses to the Government's discovery requests but was unable to complete discovery due to her failing health.  As a result, the Estate seeks relief pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6).  In response, the Government asserts that the Estate's justifications for Ms. Garcia's failure to complete discovery do not rise to the level of excusable neglect that would warrant relief.  Further, the Government argues that since the Estate is seeking relief under Rule 60(b)(1) it cannot seek relief under Rule 60(b)(6) as the two rules are mutually exclusive.

Replying to the Government's arguments, the Estate asserts that the totality of circumstances surrounding Ms. Garcia's declining health and ultimate death qualify as the type of exceptional circumstances that merit relief under Rule 60(b)(1).  Under Rule 60(b)(1), the Court may relieve a

party . . . from a final judgment, order, or proceeding . . . because of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). To establish mistake, inadvertence, or excusable neglect, a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. *See Branch Banking & Trust v. Maxwell*, 512 F. App'x 1010, 2013 WL 1136579 (11th Cir. 2013); *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Additionally, excusable neglect typically encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *Hair v. Lawnwood Medical Center, Inc*., No. 0814128CIV, 2008 WL 4097695, at *2 (S.D. Fla. Sept. 3, 2008). Factors courts consider in determining "excusable neglect" include: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009). Illness is well understood not to constitute excusable neglect as intended by Rule 60(b)(1). *Lender v. Unum Life Ins. Co. of Am., Inc*., 519 F. Supp. 2d 1217, 1221-22 (M.D. Fla. 2007); *see also Abbey v. Mercedes Benz of N. Am., Inc*., No. 0480136CIV, 2007 WL 879581, at *1 (S.D. Fla. Mar. 20, 2007) ("[I]llness alone is not a sufficient basis for setting aside a judgment."). Further, under Rule 60(b), the desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments. *See Griffin v. SwimTech Corp.*, 722 F.2d 677, 679-80 (11th Cir. 1984).

The Estate's attempts to explain the nature of Ms. Garcia's alleged defenses to forfeiture are unpersuasive and are otherwise insufficient to meet the standards of Rule 60(b)(1). Conclusory

attempts suggesting a lack of proportionality of the forfeiture are insufficient to meet the standards of Rule 60(b)(1).  Failure to establish the first prong is sufficient grounds to bar relief under Rule 60(b)(1), and the Court therefore need not reach the issue of whether the Estate met its burden under the remaining prongs.  Although Ms. Garcia's declining health and ultimate death are sad events, the totality of circumstances suggest that Ms. Garcia's failure to respond to the Government's discovery request does not rise to the level of "excusable neglect" necessary to entitle the Estate to relief under Rule 60(b)(1).  To the extent the Estate relies on the catch-all provision of Rule 60(b)(6) for relief, that request also must fail.  The Eleventh Circuit has repeatedly held that relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."  *Griffin*, 722 F.2d at 680.  Further, the Eleventh Circuit "consistently has held that 60(b)(1) and (b)(6) are mutually exclusive. Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)."  *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc*., 803 F.2d 1130, 1133 (11th Cir. 1986).  The Estate's Motion offers no separate reasons of note for relief under Rule 60(b)(6) that it does not offer for Rule 60(b)(1).  This lack of distinction is fatal to the Estate's claim under Rule 60(b)(6).  Accordingly, upon consideration of the Motion to Vacate Order [DE 45], pertinent portions of the record, and otherwise being fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the Estate of Elena Garcia's Motion to Vacate is **DENIED**.

    **DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 26th day of January, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record